1

2              **UNITED STATES DISTRICT COURT**

3                    **DISTRICT OF NEVADA**

4                             * * *

5   GARY DIAZ,                          )
                                        )
6                    Plaintiff,         )
                                        )
7   v.                                  )      2:11-cv-01680-KJD -VCF
                                        )
8                                       )      **REPORT AND**
                                        )      **RECOMMENDATION**
9   UNIQUE MANAGEMENT                   )
    SERVICES, INC.,                     )
10                                      )      Application to Proceed *In Forma*
                     Defendant.         )      *Pauperis* (#1)
11  _____)

12          Before the court are *pro se* plaintiff Gary Diaz' Motion/Application To Proceed *In Forma*

13  *Puaperis* (#1) and complaint (#1-1).

14          *Pro se* plaintiff Gary Diaz asks this court to allow him to proceed *in forma pauperis* because he

15  is unable to pay the costs of litigation.  (#1).  According to his application, plaintiff is self-employed as

16  an internet consultant and the owner of a small janitorial cleaning and service company.  *Id.*  He makes

17  $4,700.00 a month, and has $2,700.00 in his checking account.  *Id.*  Plaintiff's monthly expenses

18  include: $300 in gasoline, $60-$70 in natural gas, $40.00 in HOA dues, $258 for car insurance,

19  $2,046.00 for rent, $70.00 for water/sewer, $160.00 in communications, and $70.00 in electricity.  *Id.*

20  Further, plaintiff supports his wife, and has several "alleged and purported" outstanding debts,

21  including: $271,000 with Wells Fargo, $4,000 with Capital One, and $3,000 with FIA.  *Id.*

22          Pursuant to 28 U.S.C. § 1914(a), a filing fee of $350.00 is required to commence a civil action

23  in federal district court.  The court may authorize the commencement of an action without prepayment

24  of fees and costs or security therefor, by a person who submits an affidavit that includes a statement

25  showing the person is unable to pay such costs.  28 U.S.C. § 1915(a)(1).  The standard in 28 U.S.C. §

26  1915(a)(1) for *in forma pauperis* eligibility is "unable to pay such fees or give security therefor."

Determination of what constitutes "unable to pay" or unable to "give security therefor" and, therefore whether to allow a plaintiff to proceed *in forma pauperis*, is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. *See, e.g., Fridman v. City of New York*, 195 F.Supp.2d 534, 536 (S.D.N.Y.), aff'd, 52 Fed.Appx. 157 (2nd Cir. 2002).

Based on the plaintiff's application (#1), he has the ability to pay the fees associated with bringing this action. Accordingly, upon consideration of the financial information provided, and to maintain the integrity of the indigent request process, the court recommends that plaintiff's application to proceed *in forma pauperis* (#1) be denied.

Accordingly, and for good cause shown,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Application to Proceed *In Forma Pauperis* (#1) be **DENIED**. Plaintiff therefore shall submit to the clerk's office the $350.00 fee for filing a civil action on or before **November 30, 2011**, or the above-captioned case shall be dismissed.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 1st day of November, 2011.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

2